## 9673

### STATE v. GRAHAM.

#### (92 S. E. 188.)

HOMICIDE—AIDER AND ABETTER—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to authorize a reasonable inference that defendant aided and abetted in a killing.

Before GARY, J., Florence, October, 1915. Affirmed.

David Smith and Duffy Graham were jointly indicted for murder, and convicted of manslaughter. Duffy Graham appeals.

*Messrs. Bass & Williams,* for appellant, cite: *As to fight without concert:* 4 A. & E. Enc. of L. 620; 27 Ala. 37; 36 S. C. 533. *Evidence of assistance:* 11 A. & E. Enc of L. (2d ed.) 35; 1 Bishop Cr. Law 648 (4); 2 Brev. 338; 4 Am. Dec. 583; 41 So. 283; 15 So. 722; 2 A. & E. Enc. of L.

(2d ed.) 36; 33 Ind. 418; 65 Mo. 29. *Charge:* 49 S. C. 312.

*Mr. Solicitor Gasque,* for respondent, cites : *As to appeal from decision on questions of fact:* 38 S. C. 348. *Common design:* 69 S. C. 101; 68 S. C. 53; 80 S. C. 376. *Charge:* 18 S. C. 175.

April 24, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

David Smith and Duffy Graham were indicted for the murder of Lash Graham, and convicted of manslaughter. The jury recommended Duffy Graham to the mercy of the Court, and he was sentenced to imprisonment for two years. He alone appealed.

The exceptions raise the question whether there was any testimony from which a reasonable inference could be drawn that the appellant aided and abetted in the killing of the deceased.

There was testimony tending to show that the deceased, who was in his buggy with his son, Ashton Graham, stopped at Martha Cockfield's on his way home, to light a cigarette. When the deceased came out of the porch, the defendants were standing by it, and David Smith told him he had heard that he, the deceased, was going to kill him. The deceased said, no, but if Smith did not let his business alone, he was going to hurt him. Smith then said to the deceased : "Let me see you a minute. I want to talk with you." The deceased stopped, and apologized to Smith; but he would not accept the apology. The deceased then told Smith that rather than have any trouble he would get in his buggy and go home. The son of the deceased drove the buggy about 200 yards from the house, and, when the deceased started to go to the buggy, Smith asked Duffy Graham to go with him,

and they followed the deceased until he reached the buggy. When the deceased was about to get into his buggy, Smith struck him with a large stick which knocked him down, and, when he attempted to rise, struck him again. Both the defendants then ran. H died from the blow in about three hours.

Ashton Graham, son of the deceased, testified as follows: "Q. Did your father go to the buggy? A. Yes, sir; and David Smith stopped him. Q. Where was he when he hit him? A. Close to the buggy. Q. What was your father doing then? A. He did not have anything. Q. Did you see any pocketknife? A. No, sir. Q. You got a brick? A. No, sir; I did not get any brick? Q. Did either of the defendants get a brick? A. Yes, sir; Duffy Graham had a brick and drawed it on me, and said if I made another step he would kill me. Q. When you started to rescue him, the other man said, 'If you move another step, I will kill you?' A. Yes, sir."

Duffy Graham testified that he did not have a brick, and that he followed Smith as a peacemaker; that Ashton Graham picked up a brick and threw it at Smith when he struck his father. The jury, however, did not believe his testimony.

A reasonable inference from the testimony is that the appellant had the brick before the deceased was struck, and that he picked it up, for the purpose of aiding and abetting Smith, before the fatal blow was given.

Judgment affirmed.